MARY ELLSWORTH v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY.

1. When, by their charter, it is made the duty of a railroad company "to construct and keep in repair good and sufficient bridges or passages over or under the said railroad or railroads, where any public or other road crosses the same, so that the passage of carriages, horses, and cattle on the said road shall not be impeded thereby; and also, where the said road shall intersect any farms or lands of any individual, to provide and keep in repair suitable wagon-ways over or under said road, so that he may pass the same," the latter clause of the section shall be taken to mean that a suitable wagon-way shall be provided by the company, so that the owner may pass the same; that a suitable wagon-way shall be provided in cases where the road crosses the lands—not at the point where the road intersects the lands.

2. The law will presume that the commissioners, in estimating damages, considered the inconvenience that would result to the land-owner, when the way provided must be circuitous.

3. The date of plaintiff's deed is *prima facie* evidence of the time when the *locus in quo* passed to her, and that her title related to the date of her deed.

4. When it is impossible to reconcile the amount of the damages found by the jury with any legal principle, it will be set aside.

In case. On rule to show cause why verdict for the plaintiff should not be set aside, and a new trial granted.

For the plaintiff, *J. Dixon, Jr.*

For the defendants, *B. Williamson.*

The opinion of the court was delivered by

VAN SYCKEL, J. This suit was brought under the ninth section of the act of February 26th, 1847, (*Acts* 1847, *p* 133,) entitled "An act to incorporate the Somerville and Easton Railroad Company," which applies to the Central Railroad Company, and is in these words: "That it shall be the duty of the said company to construct and keep in repair good and sufficient bridges or passages over or under the said railroad or roads, where any public or other road shall cross the same, so that the passage of carriages, horses, and cattle on the said road shall not be impeded thereby; and also, where the said road shall intersect any farm or lands of any individual, to provide and keep in repair suitable wagon-ways over or under said road, so that he may pass the same."

The court charged the jury on the trial before the circuit, that the meaning of this provision is, that where the railroad intersects a parcel of land, the duty is imposed on the company to provide and keep in repair suitable wagon-ways over or under the road, so that the owner may pass from one part of his premises to the other, unless it is unnecessary or impracticable so to do.

This construction of the provision would make it neces-

sary, where a railroad runs through city lots, to connect by a bridge the parts of every lot, however narrow, which the road may sever, and would in effect render the building of a railroad through a very populous district almost impossible.

This could not have been the intention of the legislature, and is not required by the letter of the enactment.

The act does not say that the bridge must be constructed on the premises from one part thereof to another. Its exaction is, that where the said road shall intersect any farm or lands of any individual, a suitable wagon-way shall be provided, so that the owner may pass the same: that a suitable wagon-way shall be provided in cases where the road intersects the lands—not at the point where the road intersects the lands.

Where the road intersects a number of town lots, a single way may be suitable and sufficient, within the requirements of the act, to serve many or all of the land-owners. In such case, the company may provide a way which, in their judgment, meets the statutory direction, and if it is not satisfactory to the land-owner, it must be left to a jury to determine whether it is suitable or not.

The presumption of law is, that the commissioners, in estimating damages under the seventh section of the defendant's charter, take into consideration the inconvenience which will result to the land-owner, where the way provided must be circuitous.

It should have been left to the jury to determine whether the company had constructed a way which, under all the circumstances of the case, satisfied the statutory requirement.

Exception is also taken to that part of the charge of the court which stated that the date of the plaintiff's deed is *prima facie* evidence of the time the title to the *locus in quo* passed to her, and that her title related to the date of the deed, In this there was no error. 2 *Greenl. Cruise, title Deed, ch.* 2, § 61 ; *1b., ch.* 21, § 4, *and cases cited in note ;* 2 *Washburn on Real Property* 578, § 23.

The jury gave the plaintiff $2,000 damages.

The plaintiff was limited in her recovery to the damages sustained at the time the suit was commenced, which was about three years after the date of the deed, and it is impossible to conceive that the damages were estimated upon any correct legal principle.

The rule to show cause must be made absolute.

CITED *in Carpenter* v. *Easton and Amboy R. R. Co.,* 9 *C. E. Gr.* 259; *Brewster* v. *Sussex R. R. Co.,* 11 *Vr.* 58.